**W. H. SNYDER AND SONS, INCORPORATED, Plaintiff,**

v.

**David L. LADD, Commissioner of Patents, Defendant.**

Civ. A. No. 1259–63.

United States District Court
District of Columbia.

March 12, 1964.

James W. Dent, Washington, D. C., E. Arthur Thompson, Paul & Paul, Philadelphia, Pa., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was heard on February 11, 1964, and the Court having considered all the evidence presented, including the record in the Patent Office and the arguments of counsel, entered judgment for the plaintiffs.

In accordance with the Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C., the Court makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1. This civil action was brought pursuant to 15 U.S.C. 1071(b) seeking the

Court to adjudge that the plaintiff was entitled to a registration upon application Serial No. 96,044, and to authorize the defendant, Commissioner of Patents, to take the necessary action to issue a registration thereon upon compliance with the requirements of law.

2. Plaintiff, W. H. Snyder and Sons, Incorporated, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at Windsor, Pennsylvania.

3. Defendant is the Commissioner of Patents of the United States, and in this official capacity is a resident of the District of Columbia.

4. On April 28, 1960, plaintiff filed an application, Serial No. 96,044, in the Patent Office for the registration of the trademark "House of Windsor" for cigars.

5. Registration of application Serial No. 96,044 was refused on the ground that plaintiff's trademark "House of Windsor" may falsely suggest a connection with the Royal House of Windsor of England, and therefore registration of said trademark is prohibited by Section 2(a) of the Trade-Mark Act of 1946 (The Lanham Act), 15 U.S.C. 1052(a), which prohibits the registration of a mark if it consists of or comprises matter which may falsely suggest a connection with a national symbol.

6. The evidence adduced at the trial showed that the Royal House of Windsor of England is not a national symbol, but rather is merely the name of the present reigning family.

7. It was clear error for the tribunals of the Patent Office to rule that plaintiff's trademark may falsely suggest a connection with a national symbol as that term is used in Section 2(a) of the Trade-Mark Act of 1946.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties hereto and the subject matter hereof under the provisions of Title 15 U.S.C. 1071(b).

2. Plaintiff's application for registration of its trademark, Serial No. 96,-044, filed April 28, 1960, fully and satisfactorily complies with all of the requirements of the statutes and the Trademark Rules of the Patent Office, thereby entitling plaintiff to registration of its trademark.

3. Section 2(a) of the Trade-Mark Act of 1946 (The Lanham Act), 15 U.S.C. 1052(a) provides that no trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the Principal Register on account of its nature unless it consists of or comprises immoral, deceptive, or scandalous matter; or matter which may disparage or falsely suggest a connection with persons living or dead, institutions, beliefs, or national symbols, or bring them into contempt, or disrepute.

4. The term "national symbols" includes anything that by reason of its appearance and sound immediately suggests to a person the name of the country for which the symbol stands.

5. The Patent Office decision refusing plaintiff's application for registration in this case can only be overturned if such decision was based on a clearly erroneous application of Section 2(a) of The Lanham Act. Esso Standard Oil Company v. Sun Oil Company, 1956, 97 U.S.App.D.C. 154, 229 F.2d 37.

6. The Trademark Trial and Appeal Board of the Patent Office clearly erred in its determination that the Royal House of Windsor of England is a national symbol, as that term is construed under Section 2(a) of The Lanham Act, and therefore, plaintiff is entitled to register its trademark on the Principal Register.

7. Plaintiff is entitled to a judgment authorizing the Commissioner of Patents to take the necessary action to issue the registration on plaintiff's application Serial No. 96,044, upon compliance with the requirements of law.